**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LENNON IMAGE TECHNOLOGIES, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 2:16-cv-00411 |
| SEPHORA USA, INC. | § § § | |
| *Defendant.* | § | |

**PLAINTIFF LENNON IMAGE TECHNOLOGIES, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lennon Image Technologies, LLC ("LIT" or "Plaintiff"), by and through its attorneys, brings this action and makes the following allegations of patent infringement relating to United States Patent No. 6,624,843 ("the '843 Patent") against Defendant Sephora USA, Inc. ("Sephora" or "Defendant") for violation of the patent laws of the United States of America, 35 U.S.C. § 1 *et seq*.

**PARTIES**

1.      Plaintiff LIT is a Texas Limited Liability Company with its principal place of business at 1910 East Southeast Loop 323, #244, Tyler, Texas 75701.

2.      Upon information and belief, Defendant Sephora is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 525 Mark Street, 32nd Floor, San Francisco, California 94105. Defendant may be served with process through its registered agent Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company located at 211 East 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to this Court's general and/or specific personal jurisdiction because it (a) is a resident of the State of Texas; (b) has designated an agent for service of process in the State of Texas; (c) has committed acts of infringement in the State of Texas as alleged below; and/or (d) is engaged in continuous and systematic activities in the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has a regular and established place of business in this district, and/or have transacted business in this district, and/or have committed, contributed to the commitment of, and/or induced acts of patent infringement in this district.

## ASSERTED PATENT

7. On September 23, 2003, the United States Patent and Trademark Office issued United States Patent No. 6,624,843 entitled "Customer Image Capture and Use Thereof in a Retailing System," a true copy of which is attached as Exhibit 1. The application that matured into the '843 Patent was filed on December 8, 2000, and claims priority to a provisional application filed on December 10, 1999.

8. Plaintiff is the owner by assignment of the '843 Patent and owns all right, title, and interest in the '843 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '843 Patent.

9. The claimed invention relates to a "method and apparatus for capturing a person's image and using the captured image in a retailing system." Col. 1:13-16. The invention "allows

apparel retailers and other purveyors of such items an opportunity to virtually 'dress' the potential customer in featured merchandise as a virtual 'fitting.'" Col. 2:12-15. "Through manipulation of digitized images, an image of the customer in a new apparel style is displayed." Col. 2:18-20. One embodiment of the '843 Patent is described in claim 18, which depends on claims 14 and 17, and states as follows:

> Claim 14:
>
> A method for manipulating a customer image corresponding to a customer, the method comprising:
> capturing the customer image;
> generating a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item;
> displaying the composite image thereby allowing the customer to assess the potential purchase item without having to try it on; and
> storing the customer image,
> wherein the step of generating the composite image further comprises retrieving the customer image in response to a request for the composite image.
>
> Claim 17:
>
> The method of claim 14, wherein the step of displaying further comprises:
> detecting presence of a person near a display;
> determining that the person corresponds to the customer image; and
> displaying the composite image in response to the step of determining.
>
> Claim 18:
>
> The method of claim 17, wherein the step of determining further comprises comparing biometric information of the person with the customer image.

## ACCUSED INSTRUMENTALITY AND BACKGROUND

10. Defendant is in the business of selling, *inter alia*, cosmetic products.

11. Defendant engages in electronic commerce conducted on and using at least, but not limited to, the website http://www.sephora.com/.

12. Defendant owns, operates, and/or directs the operation of a cosmetics application that is available on its website at, for example, http://www.sephoravirtualartist.com/ ("Sephora Virtual Artist").

13. Defendant additionally owns, operates, and/or directs the operation of mobile cosmetics applications, which are available for download at, for example, https://play.google.com/store/apps/details?id=com.sephora&hl=en and https://itunes.apple.com/us/app/sephora-to-go/id393328150?mt=8 ("Sephora To Go Apps").

14. Defendant has made and continues to make available to its customers the Sephora Virtual Artist and the Sephora To Go Apps for manipulating an image corresponding to a customer.

15. Defendant currently provides and/or has provided website visitors access to its websites http://www.sephora.com/ and http://www.sephora.com/mobile, which provide direction for website visitors to access and download the Sephora To Go Apps and to use the Sephora Virtual Artist application.

16. Defendant directs its website users to operate the Sephora Virtual Artist application, for example, by providing links and directions as well as instructions on its proper use and operation, such as through its websites http://www.sephora.com/ and http://www.sephoravirtualartist.com/.

17. Defendant additionally directs its mobile apps users to operate the Sephora To Go Apps, for example, by providing links and directions to its mobile application as well as instructions on its proper use and operation, such as through the websites

http://www.sephora.com/mobile,

https://play.google.com/store/apps/details?id=com.sephora&hl=en, and https://itunes.apple.com/us/app/sephora-to-go/id393328150?mt=8.

18. Defendant allows customers to purchase its products using the Sephora Virtual Artist application and the Sephora To Go Apps.

19. Defendant's sales are estimated to increase by at least 31% as a result of its implementation of the Sephora Virtual application and the Sephora To Go Apps. *See, e.g.*, https://www.youtube.com/watch?v=5qpuym4-JDE&nohtml5=False (at time 1:08).

**INFRINGEMENT OF U.S. PATENT NO. 6,624,843**

20. Plaintiff incorporates paragraphs 1 through 19 as though fully set forth herein.

21. Defendant's Sephora Virtual Artist application and Sephora To Go Apps each provide a method for manipulating a customer image corresponding to a customer.

22. Defendant's Sephora Virtual Artist application and Sephora To Go Apps each capture a customer image. For example, Defendant's Sephora Virtual Artist application accesses a user's webcam, or similar input device, to capture a customer image. Similarly, Defendant's Sephora To Go Apps accesses a mobile device's camera, or similar input device, to capture a customer image.

23. Defendant's Sephora Virtual Artist application and Sephora To Go Apps each generate a composite image comprising the customer image and one of at least one apparel style image corresponding to a potential purchase item including by retrieving the customer image in response to a request for the composite image. For example, using Defendant's Sephora Virtual Artist application or Sephora To Go Apps, a customer may select from a variety of cosmetic products (i.e., potential purchase items). For each selected product, Defendant's Sephora Virtual

Artist application and Sephora To Go Apps each generate a composite image comprising the customer image and at least one apparel style image corresponding to a potential purchase item.

24. Defendant retrieves the customer image from the user's computer or Android/iOS device, Defendant's server(s), or both in response to a request for a composite image, such as in response to a user's selection of a particular product.

25. Defendant's Sephora Virtual Artist application and Sephora To Go Apps each display the composite image thereby allowing the customer to assess the potential purchase item without having to try it on. For example, the Sephora Virtual Artist application and Sephora To Go Apps each display images of the customer and the at least one apparel style image on the user's computer or mobile device such that the user is able to assess a potential purchase item, such as a cosmetic product, without having to try it on.

26. Defendant's Sephora Virtual Artist application and Sephora To Go Apps each store the customer image, for example, on the user's computer or Android/iOS device, Defendant's server(s), or both.

27. Customers are able to "share" the composite image using Defendant's website or the Sephora To Go Apps.

28. Additionally, Defendant's Sephora Virtual Artist application and Sephora To Go Apps each display the composite image by (a) detecting the presence of a person near a display; (b) determining that the person corresponds to the customer image; and (c) displaying the composite image in response to the step of determining.

29. For example, Defendant's Sephora Virtual Artist application and Sephora To Go Apps each detect the presence of a person near a camera or similar video input apparatus of a user's mobile device.

30.     Defendant's Sephora Virtual Artist application and Sephora To Go Apps each determine that the person corresponds to the customer image by analyzing the input image and searching for the person's facial features within the input image. If the person's facial features within the input image, or near the display, are appropriately positioned within the detection area, then Defendant's Sephora Virtual Artist application and Sephora To Go Apps each determine that the person corresponds to the customer image.

31.     Once Defendant's Sephora Virtual Artist application and Sephora To Go Apps have determined that the person corresponds to the customer image, a composite image is displayed using the customer image and the at least one apparel style image, such as cosmetic products.

32.     Furthermore, Defendant's Sephora Virtual Artist application and Sephora To Go Apps each determine that the person corresponds to the customer image by comparing biometric information of the person with the customer image. For example, Defendant's Sephora Virtual Artist application and Sephora To Go Apps each compare a customer's facial features with the customer image.

33.     Accordingly, Defendant has been and is now directly infringing at least Claim 18 of the '843 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale or importing in the United States its Sephora Virtual Artist application and Sephora To Go Apps, which manipulate a customer image corresponding to a customer.

34.     In addition and/or in the alternative, Defendant has been and/or is now indirectly infringing one or more claims of the '843 Patent and is continuing to engage in such indirect infringement in violation of 35 U.S.C. § 271(b) by inducing its customers to directly infringe the '843 Patent through their use of the infringing instrumentalities. Defendant induces such

infringement by at least making its Sephora Virtual Artist application and Sephora To Go Apps available to customers and providing links and directions to the same as well as providing instructions to use the Sephora Virtual Artist application and Sephora To Go Apps in an infringing manner.

35. Charts showing Defendant's direct infringement of Claim 18 of the '843 Patent are attached hereto as Exhibits 2 and 3.

36. As a direct and proximate consequence of the acts and practices of the Defendant in infringing, directly and/or indirectly, at least Claim 18 of the '843 Patent, Plaintiff has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 in an amount to be determined at trial.

37. The limitation of damages provision of 35 U.S.C. § 287(a) is not applicable to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) A judgment in favor of Plaintiff that Defendant has directly infringed and/or has indirectly infringed by way of inducement of one or more claims of the Asserted Patent;

(b) A judgment that Plaintiff has been irreparably harmed by the infringing activities of Defendant, and is likely to continue to be irreparably harmed by Defendant's continued infringement;

(c) A judgment and order requiring Defendant to pay Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284, which damages may include lost profits but

in no event shall be less than a reasonable royalty for their usage made of the inventions of the Asserted Patent, including pre- and post-judgment interest and costs, including expenses and disbursements;

  (d) A judgment awarding Plaintiff its costs as provided under Fed. R. Civ. P. 54(d)(1);

  (e) A judgment for pre- and post-judgment interest on all damages awarded;

  (f) A judgment awarding Plaintiff post-judgment royalties; and

  (g) Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: April 14, 2016        Respectfully submitted,

              **BUETHER JOE & CARPENTER, LLC**

              By: */s/ Christopher M. Joe*
                 Christopher M. Joe
                 State Bar No. 00787770
                 Chris.Joe@BJCIPLaw.com
                 Eric W. Buether
                 State Bar No. 03316880
                 Eric.Buether@BJCIPLaw.com
                 Niky Bukovcan
                 State Bar No. 24078287
                 Niky.Bukovcan@BJCIPLaw.com

                 1700 Pacific Avenue
                 Suite 4750
                 Dallas, Texas 75201
                 Telephone: (214) 466-1272
                 Facsimile: (214) 635-1828

              **ATTORNEYS FOR PLAINTIFF**
              **LENNON IMAGE TECHNOLOGIES, LLC**